IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 24-21897-Civ-MARTINEZ

STEVEN TUCKER and
EILEEN TUCKER,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.
_____/

**DEFENDANT UNITED STATES' ANSWER
AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

The undersigned Assistant United States Attorney, pursuant to Rule 8, F.R.Civ.P., on behalf of the Defendant United States, files this Answer and Affirmative Defenses to the Complaint. The numbered paragraphs in the answer correspond to the Complaint.

**INTRODUCTION**

1. Paragraph one is a characterization of the Complaint to which no response is required. Defendant nevertheless denies any claims of alleged negligence.

**PARTIES JURISDICTION AND VENUE**

2. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time.

3. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time.

4. Admit.

5. Paragraph five is a characterization to which no response is required.

6. Paragraph six is a characterization of the Complaint to which no response is required. Defendant acknowledges that it is required to meet the standard of care in the community.

7. Paragraph seven states legal claims to which no response is required; if a response is deemed necessary, the claims are denied. In addition, under the Federal Tort Claims Act, the Defendant is legally responsible only for federal employees.

8. Denied.

9. Paragraph nine states legal claims to which no response is required; if a response is deemed necessary, the claims are denied. In addition, under the Federal Tort Claims Act, the Defendant is legally responsible only for federal employees.

10. Paragraph ten states legal claims to which no response is required; if a response is deemed necessary, the claims are denied.

11. Paragraph eleven states legal claims to which no response is required; if a response is deemed necessary, the claims are denied.

12. Paragraph twelve states legal claims to which no response is required; if a response is deemed necessary, the claims are denied.

13. Paragraph thirteen states legal claims to which no response is required; if a response is deemed necessary, the claims are denied. Nevertheless, all claims of negligence are specifically denied. Additionally, there is no jurisdiction for Count II for claims of punitive damages. Venue is admitted.

## ADMINISTRATIVE PROCEDURE

14. Paragraph fourteen states legal claims to which no response is required; if a response

is deemed necessary, the claims are denied.

15. Paragraph fifteen states legal claims to which no response is required; if a response is deemed necessary, the claims are denied.

16. Paragraph sixteen states legal claims to which no response is required; if a response is deemed necessary, the claims are denied.

## FACTUAL BACKGROUND

17. Denied.

18. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time.

19. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. Claims of negligence are specifically denied.

20. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. However, Defendant admits that the Plaintiff had surgery at the VA.

21. Denied.

22. Denied.

23. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time.

24. Denied, except to admit that there was a second surgery.

25. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. Claims of negligence are specifically denied.

26. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. Claims of negligence are specifically denied.

27. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. Claims of negligence are specifically denied.

28. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. Claims of negligence are specifically denied.

29. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time. Claims of negligence are specifically denied.

30. Denied.

31. Denied.

32. Denied.

## CAUSES OF ACTION

### COUNT I -NEGLIGENCE

33. Defendant realleges and incorporates each and every answer above as if fully set forth herein.

34. Admit only that the Defendant was required to meet the standard of care in the community.

35. Denied.

36. Denied, including subparts.

37. Denied

38. Denied.

The wherefore claims requires no response and if required it is denied.

### COUNT II - WANTONNESS

39. Defendant realleges and incorporates each and every answer above as if fully set forth herein.

40. Admit only that the Defendant was required to meet the standard of care in the community.

41. Denied.

42. Denied. Additionally, because claims for punitive damages are not permitted under the Federal Tort Claims Act, there is no jurisdiction for these claims.

43. Denied, including subparts.

44. Denied.

45. Denied.

The wherefore claims requires no response and if required it is denied.

## COUNT III – VICARIOUS LIABILITY, RESPNDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

46. Defendant realleges and incorporates each and every answer above as if fully set forth herein.

47. Paragraph forty-seven states legal claims to which no response is required; if a response is deemed necessary, the claims are denied. In addition, under the Federal Tort Claims Act, the Defendant is legally responsible only for federal employees.

48. Paragraph forty-eight states legal claims to which no response is required; if a response is deemed necessary, the claims are denied. In addition, under the Federal Tort Claims Act, the Defendant is legally responsible only for federal employees.

49. Paragraph forty-nine states legal claims to which no response is required; if a response is deemed necessary, the claims are denied. In addition, under the Federal Tort Claims Act, the Defendant is legally responsible only for federal employees.

50. Denied.

The wherefore claims requires no response and if required it is denied.

## COUNT IV – LOSS OF CONSORTIUM
### (Plaintiff Eileen Tucker)

51. Defendant realleges and incorporates each and every answer above as if fully set forth herein.

52. Defendant has insufficient information to admit or deny and therefore, for purposes of this answer, denies at this time.

53. Denied.

The wherefore claims requires no response and if required it is denied.

## PRAYER FOR RELIEF

The prayer for relief requires no response. If a response is required, the assertions are denied.

All claims and assertions that are not specifically admitted are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

The Defendant United States is not legally responsible under the Federal Tort Claims Act for non-federal employees.

## SECOND AFFIRMATIVE DEFENSE

The liability and claim for damages from Defendant United States and responsible parties, named or unnamed, if any, should be apportioned according to their respective degrees of fault, and the liability of the United States, if any, should be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to apportionment pursuant to statutory and case law to include *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1983) and its progeny, and pursuant to Florida Statute §768.81.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant United States is not liable in tort for third parties, acts of independent contractors, or employees of independent contractors, under 28 U.S.C. § 1346(b).

### FIFTH AFFIRMATIVE DEFENSE

To the extent that there was comparative negligence by Plaintiffs, Defendant asserts that affirmative comparative negligence defense.

### SIXTH AFFIRMATIVE DEFENSE

To the extent there was a failure to mitigate damages, the Defendant alleges that failure.

### SEVENTH AFFIRMATIVE DEFENSE

The United States is entitled to a set-off for all collateral sources, settlement funds, or other sums of money entered into or received from any party or non-party.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant is entitled to all of the statutory limitations imposed under Florida law with respect to claims and damages.

### NINTH AFFIRMATIVE DEFENSE

Any state or federal common or statutory law that limits the liability of a private individual, or the damages awarded, under similar circumstances to those alleged in the Complaint, shall limit or preclude the claim or recovery against the United States.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to pre-judgment or post-judgment interest.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no jurisdiction under the Federal Tort Claims Act for Count II asserting a cause of action for punitive damages.

Dated: June 22, 2025

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: *Lawrence Rosen*
LAWRENCE ROSEN (Fl. Bar No.282911)
Assistant United States Attorney
E-mail: Larry.Rosen@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9321

Marlene Rodriguez
Marlene Rodriguez
Florida Bar No. 124858
Assistant United States Attorney
Email: marlene.rodriguez@usdoj.gov
United States Attorney=s Office
99 NE 4th Street, Third Floor
Miami, Florida 33132
Tel: (305) 961-9206

*Counsel for Defendant*